IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KHARL WILLIAMS,**

                **Petitioner,**

        v.                                      CASE NO. 09-3025-RDR

**C. CHESTER,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter comes before the court on respondent's unopposed motion to dismiss as moot (Doc. 15). Petitioner commenced this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, seeking early release following his completion of the Residential Drug Abuse Treatment Program.

Respondent argues this matter is now moot, as petitioner has been unconditionally released from confinement.[1] Petitioner did not respond to the motion.[2]

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir.1998)(citing *Spencer*

---

[1] It appears petitioner has been reincarcerated as a pretrial detainee on new criminal charges.

[2] Pursuant to the rules of this court, where a party fails to file a response to a motion within the time allowed, the court will consider and decide the motion as an uncontested motion. Such a motion ordinarily will be granted without further notice. D. Kan. R. 7.4.

*v. Kemna,* 523 U.S. 1, 7 (1998)).

"An issue becomes moot when it becomes impossible for the court to grant 'any effectual relief whatsoever' on that issue to a prevailing party." *United States v. Hahn,* 359 F.3d 1315, 1323 (10th Cir. 2004)(quoting *Smith v. Plati,* 258 F.3d 1167, 1179 (10th Cir. 2001)).

Here, because petitioner has been released from custody on the sentence from which he sought relief, it appears the court could grant no additional remedy. *See, e.g., Dodd v. Craig*, 2010 WL 4918896 (S.D.W.Va. 2010)(recommeding dismissal as moot § 2241 challenge to denial of placement in RDAP where prisoner had been released from confinement) and *Gray-bey v. Cruz*, 2009 WL 2982927 (D.Minn. 2009)(dismissing as moot § 2241 challenge to determination that prisoner was ineligible for early release following completion of RDAP as prisoner had been released)[3].

Having considered the record, the court concludes respondent's unopposed motion to dismiss should be granted.

IT IS, THEREFORE, BY THE COURT ORDERED the motion to dismiss (Doc. 15) is granted.

Copies of this Memorandum and Order shall be transmitted to the parties.

---

[3]Copies of these unpublished orders are attached.

**IT IS SO ORDERED.**

DATED: This 17th day of March, 2011, at Topeka, Kansas.

> S/ Richard D. Rogers
> RICHARD D. ROGERS
> United States District Judge